191 So.2d 869 (1966)
UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation, Appellant,
v.
Frank Alee WEBB, Appellee.
No. H-208.
District Court of Appeal of Florida. First District.
November 15, 1966.
Charles Cook Howell, Jr., Jacksonville, for appellant.
Robert C. Gobelman, of Mathews, Osborne & Ehrlich, Jacksonville, for appellee.
RAWLS, Chief Judge.
The sole question on this appeal is whether under the facts detailed below the insurer is liable to the insured Webb for injuries he sustained in an automobile accident caused by the negligence of the driver of an uninsured vehicle. We are concerned with the interpretation of a policy of insurance containing an endorsement for uninsured automobile coverage.
Frank Alee Webb owned two white 1951 Chevrolet automobiles. On one he carried liability insurance with United States Fidelity & Guaranty Company. The other was uninsured. On December 12, 1964, while Webb was driving the uninsured vehicle, he was involved in an accident caused by the negligence of the driver of an uninsured Ford. Webb sustained bodily injury and sought arbitration in accordance with the provision for same in the section of his policy governing uninsured motor vehicle coverage.
The insurer filed this action for a declaratory judgment to determine Webb's right to arbitration. Following certain discovery proceedings the trial judge granted defendant Webb's motion for summary judgment. The cause then proceeded to trial on defendant's counterclaim for damages. From the ensuing jury verdict and final judgment in favor of Webb, United States Fidelity & Guaranty Company appealed.
Appellant's sole contention on appeal is that the facts of this case brought Webb within the exclusion provision of the policy endorsement containing the uninsured motorist coverage. This endorsement is entitled Family Protection Coverage. In general it provides uninsured motor vehicle coverage to the principal named insured and his relatives while residents of the same household. By the terms of the endorsement *870 such relatives are insureds. The pertinent portion of the exclusion clause reads:
"This endorsement does not apply:
"(b) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a Named Insured or any relative resident in the same household, or through being struck by such an automobile, but this exclusion does not apply to the Principal Named Insured or his relatives while occupying or if struck by an automobile owned by an insured named in the schedule or his relatives;"
It is clear that Webb, the insured, was injured while occupying an automobile owned by him, other than the insured automobile. Thus, he falls clearly within the exclusion clause.
The question here, however, is whether he also falls within the exception. Paraphrased this exception reads: but this exclusion does not apply to Webb or his relatives while occupying an automobile owned by an insured named in the schedule. The schedule in this endorsement has been left blank.
Webb contends that he is the principal insured; and since the exception to the exclusion is ambiguous, it should be read in his favor by implying his name in the schedule. We cannot agree. We find that the purpose of the exception to the exclusion was to provide additional uninsured automobile coverage to Webb and his relatives while occupying or if struck by an automobile owned by a person named in the schedule. Had Webb desired to do so, he could have secured this additional coverage for himself and his relatives on his own uninsured vehicle or on an uninsured vehicle owned by one of his relatives who resided in the same household.
Webb does not contend that he requested and purchased this additional coverage and that through negligence the schedule was not filled in. On the contrary he relies solely on a favorable construction due to the ambiguousness of the provision.
We find that the exclusion clause is not ambiguous, and consequently Webb, under the facts delineated in this case, was not covered by the policy endorsement.
Reversed.
JOHNSON and SACK, JJ., concur.