201 So.2d 904 (1967)
Lillian M. HILTON and Claude K. Hilton, Appellants,
v.
CITIZENS INSURANCE COMPANY OF NEW JERSEY, Appellee.
No. J-119.
District Court of Appeal of Florida. First District.
August 29, 1967.
John R. Alexander, Tallahassee, for appellants.
Hall, Hartwell, Hall & Canada, Tallahassee, for appellee.
WIGGINTON, Chief Judge.
Plaintiff in the trial court seek review by interloctuory appeal of an order which denied their motion to increase by amendment the prayer for damages alleged in their complaint and granted defendant's motion for arbitration in accordance with the terms of the insurance contract sued upon.
Plaintiffs husband and wife owned two passenger motor vehicles for which defendant issued a single automobile liability policy. The policy contains a standard uninsured motorist clause as required by the statutes of this state. While plaintiff wife was driving one of the insured vehicles, she was struck by a truck operated by an uninsured motorist as a consequence of which she suffered personal injuries. Upon the failure of negotiations to produce an acceptable settlement, this suit was filed. By their complaint the wife claimed judgment for the damages suffered by her, and the husband claimed derivative damages suffered as a result of the wife's injuries. The complaint prays for judgment on behalf of each plaintiff in the sum of $10,000.00, which amount is the maximum coverage stipulated in the declarations clause of the insurance policy sued upon. Defendant's answer to the complaint admitted *905 coverage, liability, and injuries suffered by the plaintiff wife, but denied the extent of the injuries claimed by her in the complaint. Defendant additionally filed a motion for summary judgment and for a dismissal of the complaint because of plaintiffs' refusal to consent to arbitration of the amount of damages claimed as provided by the terms of the insurance policy. Plaintiffs filed a motion to amend their prayer for relief by increasing the damage clause from $20,000.00 to $40,000.00. The court denied both motions filed by the parties and ordered the amount of damages claimed by plaintiffs be submitted to arbitration. It is this order of which appellants seek reversal.
The declarations clause of the insurance policy sued upon provides uninsured motorists coverage in the maximum sum of $20,000.00 for each accident. The policy contains the following clause, to wit:
"COVERAGE D  PROTECTION AGAINST UNINSURED MOTORISTS: The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."
With respect to the limits of liability under the uninsured motorist clause, the policy provides as follows:
"Limits of Liability: Regardless of the number of * * * (4) automobiles or trailers to which this policy applies, * * * (C) the limit for Coverage D  Uninsured Motorists stated in the declarations as applicable to `each accident' is the total limit of the company's liability for all damages because of bodily injury sustained by one or more persons as the result of any one accident."
It is appellants' position that the policy should be so construed as to provide a maximum of $20,000.00 coverage for injuries suffered through the negligent act of an uninsured motorist for each of the two vehicles described in the policy, affording a total coverage of $40,000.00 for each such accident. In support of this position, appellants rely on the decision of the Supreme Court in Sellers v. United States Fidelity & Guaranty Co.[1] which involved an interpretation of what is commonly referred to as an "other insurance" clause contained in the uninsured motorist provision of an automobile liability insurance policy. As we construe Sellers it held that if a motorist insured under two or more liability policies containing uninsured motorist coverage suffers damages in excess of the policy limits on any one policy, he can look to all policies in which he is an insured for recovery of the total amount of his damages, and that the "other insurance" clause contained in such policies was held to be void as contrary to the requirements of the statute. We fail to see any analogy between the facts present or the rule of law pronounced in Sellers and those present in and applicable to the case sub judice.
Appellants also rely on the decision by the Fourth District Court of Appeal in Government Employees Insurance Company v. Sweet.[2] In Sweet the insurance company issued its single automobile liability policy insuring two motor vehicles owned by Sweet. The policy contained a *906 medical payments provision for which a separate premium was charged for each of the two insured vehicles, and in which the limits of liability were fixed at $3,000.00 for each vehicle. The insured was injured while operating one of the insured vehicles and suffered damages in excess of $6,000.00. He claimed the full amount of medical benefits coverage provided for each of the vehicles, or a total of $6,000.00, which amount was granted by the trial court. In affirming the trial court's judgment in favor of the insured, the District Court of Appeal held:
"On first impression it seemed that the limit of liability clause in the medical payments section of the policy determined the question but none of the terms of the policy may be applied to the exclusion of others. The two or more automobiles clause directs that the terms of the policy shall apply separately to each automobile. The terms of the policy are hopelessly irreconcilable, and we must adopt the construction which provides the most coverage. When we apply the terms of the policy separately to each of the two automobiles insured, we find that the limits of liability for medical payments for each automobile is $3,000.00, and it makes no difference whether the injuries were sustained while the named insured was occupying or struck by either one or the other of the automobiles described in the policy or by an automobile not described in the policy. There is no way to relate coverage to either, and, therefore, the limit of liability for medical payments of the named insured for bodily injury sustained as a result of any one accident is applied separately to the terms of the policy as to each automobile described. The aggregate amount is $6,000.00. This conclusion is in accord with all of the other authorities (except the one discussed infra) cited or found in our independent research. * * *"
The insurance clauses construed in the Sweet case are entirely different from those which we are called upon to construe in the case sub judice and are intended to serve a separate and unrelated purpose. The insurance policy on which plaintiffs base their claim for judgment clearly provides that regardless of the number of vehicles insured thereunder, or the number of insureds who may sustain damages in any one accident, the limit of the company's liability shall be the amount set forth in the declarations clause of the policy. This amount is shown to be the sum of $20,000.00. To hold with the contention of appellants would amount to rewriting the clear and unambiguous terms of the insurance policy sued upon and to impose on appellee twice the amount of liability it agreed to assume for the premium charged in exchange for the coverage granted. We think the trial court's construction of the policy terms was correct, and its order denying appellants' motion to amend their complaint by increasing the amount of their claim above the policy limits is affirmed.
Secondarily, appellants contend that under the facts disclosed by the record as developed through discovery proceedings appellee has waived its right to demand arbitration, and the lower court erred in holding to the contrary. Our review of the record reveals competent and substantial evidence to support the court's conclusion that appellee has not waived its right to require arbitration in accordance with the provisions of the policy, and that portion of the order granting arbitration and staying further proceedings until arbitration is concluded is affirmed.
The interlocutory appeal is accordingly dismissed.
CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] Sellers v. United States Fidelity & Guaranty Co., (Fla. 1966) 185 So.2d 689.
[2] Government Employees Insurance Comany v. Sweet, (Fla.App. 1966) 186 So.2d 95, 97.