206 So.2d 244 (1968)
The TRAVELERS INDEMNITY COMPANY, Appellant,
v.
Thomas J. POWELL and Katie Frazier Weeks Powell, Appellees.
No. J-335.
District Court of Appeal of Florida. First District.
January 18, 1968.
*245 Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellant.
Campbell & Rice, Crestview, for appellees.
RAWLS, Judge.
By this interlocutory appeal, the defendant insurance company seeks reversal of the Chancellor's determination of liability by reason of a policy providing uninsured motorist coverage issued to plaintiff, Mrs. Powell.
Appellant states its sole point on appeal as: Is an exclusion in an uninsured motorist policy denying coverage to a person otherwise insured while occupying an automobile owned by the named insured but not insured under the policy void under Florida law? We hold the exclusion clause is void and affirm.
The facts are not controverted. Mrs. Powell owned an automobile insured by Appellant, Travelers, and her husband owned an automobile insured by State Farm Insurance Company. Both insurance policies provided uninsured motorist coverage in the minimum statutory amounts. The Powells, residents of the same household, were injured in a collision with an uninsured *246 motorist while riding in Mr. Powell's automobile. State Farm paid each the limits of its uninsured motorist coverage. The Powells then made claim against Travelers for the amount of their damages that exceeded State Farm's coverage. Travelers denied coverage upon the following exclusion provision contained in its policy:
"EXCLUSIONS:
"This policy does not apply under Part IV:
"(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile."
The uninsured motorist statute[1] has been the subject matter of prodigious litigation of which there seems to be no foreseeable termination. In Davis v. United States Fidelity & Guaranty Co.,[2] this court first expressed the public policy contemplated by the Legislature by the enactment of Section 627.0851, Florida Statutes, F.S.A., when it stated, "The cited statute * * established the public policy of this state to be that every insured, within the definition of that term as defined in the policy, is entitled to recover under the policy for the damages he or she would have been able to recover against the offending motorist if that motorist had maintained a policy of liability insurance." Numerous decisions construing various provisions of insurance contracts have held that this public policy is violated by any restrictive language inserted in an insurance policy having the effect of defeating the purpose and intent of the statute, and such provisions must be considered nugatory and void.
The Powells contend, and we agree, that the exclusion clause here is an invalid restriction because it is not the intent of the statute to limit coverage to an insured by specifying his location or the particular vehicle he is occupying at the time of injury. The statute states its purpose thusly:
"* * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *."
In United States Fidelity & Guaranty Co. v. Sellers,[3] this court adopted the view that the statute did not contemplate pyramiding uninsured motorist coverage and that the public policy of this state is to afford the public generally the same protection that it would have had if the uninsured motorist had carried the minimum limits. Being of that view, we held that when one policy was available to and compensated the injured persons, the statutory requirement was satisfied; therefore, other carriers who had policies covering the same parties, for the same injuries, could deny coverage by virtue of a valid "other insurance" clause in its policy. The Supreme Court in Sellers v. United States Fidelity & Guaranty Co.,[4] quashed that decision holding that all clauses in all policies more restrictive than the statute are void, there being no latitude in the statute for limiting liability through "other insurance," "excess-escape" or "pro rata" clauses. That decision did give the carriers some degree of protection by providing that the statute did not intend that an injured party could collect more than his actual damages even when covered by several policies.
The coupling of uninsured motorist coverage with family protection coverage in an automobile liability policy has made each member of a family an insured under *247 each such policy purchased by any family member. Complications arise when there are several members of a family, each owning an automobile, each purchasing a separate policy, and each being an insured under all policies. Since it has been decided in Sellers that an insurance company could not limit its liability under the statute by a "set-off," an "excess insurance," or "other insurance" provision, such provisions being void as contrary to public policy, the question now before us is whether an insurance company can accomplish the same result with a nonliability clause although there has been no rejection of coverage by the insured. That is, can the company nullify its statutory liability by an exclusion clause specifying that it will not be liable if the insureds are riding in an automobile owned by one but insured by another company? We conclude that there is no difference in the exclusion clause here under consideration and "set-off" provisions or "other insurance" provisions. Both are more restrictive than the terms of the statute. If one is void, so is the other.
Appellant argues that the controlling decision is our opinion in United States Fidelity & Guaranty Co. v. Webb,[5] which involved a similar exclusion but contained an exception not found in Mrs. Powell's policy. There, Webb owned two cars; one was insured and one was not. Webb was injured by an uninsured motorist while driving his uninsured automobile. The essence of our holding in that case was that Webb was uninsured. By virtue of the exception to the exclusion he could have included his uninsured car in the policy for the purpose of uninsured motorist coverage had he desired to do so. The verbiage used in that case is unfortunate in the light of the facts in the instant case. However, we adhere to the Webb decision, it being our view, at that time and today, that it was not the intent of Section 627.0851, Florida Statutes, F.S.A., to allow a member of a family to purchase one liability policy and claim total coverage thereunder for the entire family while vastly increasing the risk to his insurer by knowingly owning and operating a fleet of uninsured vehicles upon the highways. Therefore, the Webb decision is not controlling under the facts of the case sub judice.
We conclude that under the facts of this case the exclusion clause is invalid since it is more restrictive than the statute and is a denial of statutory coverage without a rejection by the insured.
Affirmed.
CARROLL, DONALD K., Acting Chief Judge, and JOHNSON, J., concur.
NOTES
[1] Section 627.0851, Florida Statutes, F.S.A.
[2] Davis v. United States Fidelity & Guaranty Co., 172 So.2d 485, 486 (Fla.App. 1st, 1965).
[3] United States Fidelity & Guaranty Co. v. Sellers, 179 So.2d 608 (Fla.App.1st, 1965).
[4] Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla. 1966).
[5] United States Fidelity & Guaranty Co. v. Webb, 191 So.2d 869 (Fla.App.1st, 1966).