214 So.2d 376 (1968)
Harry RINGENBERGER, Appellant,
v.
GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, Ltd., a Foreign Corporation, Appellee.
No. 1420.
District Court of Appeal of Florida. Fourth District.
October 3, 1968.
James V. Dolan, of Walsh & Dolan, Fort Lauderdale, for appellant.
Henry Burnett of Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, for appellee.
REED, Judge.
The appellant, Harry W. Ringenberger, purchased an automobile liability policy from the appellee, General Accident Fire And Life Assurance Corporation, Ltd. (hereafter referred to as General Accident). The policy provided the protection against uninsured motorists required by Florida law. When this policy was in effect Mr. Ringenberger while in a non-owned automobile was involved in a collision with an uninsured motorist. Afterwards, General Accident tendered to Mr. Ringenberger $9,500 ($10,000 less $500 previously paid under a medical payment provision) in full satisfaction of its liability under the policy. Mr. Ringenberger refused the payment and General Accident filed suit for a declaratory decree. The sole issue presented to the trial court by stipulation of the parties was whether the liability of General Accident under the policy for uninsured motorist coverage was limited to $10,000 or to $20,000. The trial court resolved this issue in favor of General Accident and Mr. Ringenberger appeals from the final decree.
The policy is divided into four parts. Part IV provides uninsured motorists *377 coverage. Following Part IV of the policy is a list of the general conditions which apply to some or all of the parts. In addition to the parts described above the policy also has two pages of declarations. The first page shows the name of the insured, Harry W. Ringenberger, and specifies one insured automobile, to-wit, a 1965 Oldsmobile. The following page of the declarations is entitled "Endorsement * * * Amendment of Declarations". It describes a second automobile on which insurance is afforded  a 1955 Buick. In the declaration the premiums with respect to each of the automobiles and coverage afforded thereon are separately stated. In the declaration covering the Oldsmobile the premium is $5.00 for uninsured motorists coverage. In the endorsement which covers the Buick the premium for uninsured motorists is $4.00. Both of the declarations provide limits of liability in the amount of $10,000 for each person with respect to uninsured motorist coverage.
Other pertinent language from the policy is as follows:
"PART IV  PROTECTION AGAINST UNINSURED MOTORISTS
"* * *
"Definitions
"* * *
"`insured automobile' means:
"(a) an automobile described in the policy for which a specific premium charge indicates that coverage is afforded, * * *
"* * *
"Exclusions
"This policy does not apply under Part IV:
"(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured * * *
"Limits of Liability
"(a) The limit of liability for uninsured motorists coverage stated in the declarations as applicable to `each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident * * *" (Emphasis added.)
The appellant contends that because he has insured two vehicles under the policy, he in effect has two policies each of which provides him with $10,000 coverage for one person in one accident and, therefore, has a total of $20,000 for limits of liability. The appellant claims that General Accident's expert witness testified that when the second automobile was added to the insurance policy by the endorsement, there was no increase in "exposure" to the insurance company. For this reason, the insured would get nothing for his additional premium unless he received another $10,000 in limits of liability. As we understand the testimony, the witness stated that the addition of the second automobile did not increase exposure to the company from accidents while the insured was occupying a non-owned automobile, but the exposure to the company was increased by the coverage provided with respect to accidents involving the additional owned automobile of the insured. The endorsement which added the Buick had the effect of removing from the exclusion under Part IV, bodily injury to the insured while occupying the Buick. By the endorsement the risk of such bodily injury became an insured risk. This in our opinion was the consideration for the additional premium.
The appellant also bases his claim to coverage on the case of Government Employees Insurance Co. v. Sweet, Fla.App. 1966, 186 So.2d 95. The issue in that case was the limit of liability for medical payments to an insured under a similar type policy where the insured owned two automobiles and the premiums were separately stated. The insurance policy there before the court had a similar clause with respect *378 to limits of liability, but it also had a clause which provided that when two or more automobiles are insured under the policy the terms of the policy shall apply separately to each. It was because of this clause that the court found a conflict between the limit of liability provision and the "two or more automobiles" clause and interpreted the policy as providing double coverage thereby resolving the conflict in favor of the insured. No such conflict exists in the present case. Here there is no "two or more automobiles" clause which applies to Part IV (the insured motorists coverage) of the insurance policy. There is, therefore, no basis for a finding of an ambiguity in the present policy. All of the other cases cited by the appellant in his brief turn on the existence of a "two or more automobiles" clause similar to that in the Sweet case. They are, for that reason distinguishable from the facts in the present case.
In our opinion the limit of liability clause in General Accident's policy plainly limits the liability to the amount stated in the declarations. The amount stated in the declarations with respect to the uninsured motorists coverage is $10,000 for each person. If greater coverage is afforded in the face of this language, it would require a judicial redraft of the insurance contract. Strictness in construing an insurance contract should not extend to adding a meaning to language that is clear. Rigel v. National Casualty Company, Fla. 1954, 76 So.2d 285. On facts somewhat similar to those in the present case, the First District Court of Appeal in Hilton v. Citizens Insurance Company of New Jersey, Fla.App. 1967, 201 So.2d 904, held that uninsured motorists coverage could not be aggregated where coverage was provided in one policy on two motor vehicles.
Affirmed.
WALDEN, C.J., and SILVERTOOTH, LYNN N., Associate Judge, concur.