214 So.2d 879 (1968)
Louise SELLERS, Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee.
No. K-67.
District Court of Appeal of Florida. First District.
October 8, 1968.
Rehearing Denied November 15, 1968.
Emory P. Cain, Jacksonville, Fla., for appellant.
George Stelljes, Jr., of Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for appellee.
WIGGINTON, Chief Judge.
Plaintiff has appealed a summary final judgment rendered in favor of defendant. Appellant urges that the trial court erred in holding that appellee is entitled to judgment as a matter of law.
The principal issue on appeal involves the construction to be placed on an uninsured motorist provision of an automobile liability insurance policy. The facts are not in dispute.
Appellee issued and delivered to the husband of appellant a family automobile liability insurance policy in which appellant is described as one of the insureds. The policy covers two vehicles owned by the insured, a Volkswagen and a Chevrolet. In the declarations section of the policy the particular limits of liability and premiums charged for each of the several insurance *880 coverages included in the policy are itemized. That part applicable to the uninsured motorist coverage of the policy is as follows:

----------------------------------------------------------------------------
 UNIT 1* UNIT 2**
----------------------------------------------------------------------------
Limits of | | Limits of | |
Liability | Premium | Liability | Premium | Coverage
---------------------|---------|----------------------|---------|-----------
each : each | | each : each | |
person : occurrence | | person : occurrence | | Uninsured
$10,000 : $20,000 | $3.75 | $10,000 : $20,000 | $3.00 | Motorist
----------------------------------------------------------------------------
* Refers to the Volkswagen
** Refers to the Chevrolet

The policy provides that the insurance afforded is only with respect to the coverages indicated by a specific premium charge, and the limits of liability against each coverage shall be as stated therein.
The uninsured motorist section of the policy embodied in Part IV thereof provides that the company will pay to the insured all sums which she may legally be entitled to recover as damages from the owner of an uninsured automobile because of bodily injury sustained by the insured caused by accident and arising out of the ownership, maintenance, or use of such uninsured automobile. The limits of the company's liability under this section of the policy is stated to be as follows:
"Limits of Liability:
(a) The limit of liability for uninsured motorists coverage stated in the declaration as applicable to `each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declaration as applicable to `each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."
The foregoing "Limits of Liability" clause appears to be the standard provision incorporated in most automobile liability insurance policies whether coverage is limited to one vehicle, or to several vehicles. It therefore cannot reasonably be assumed, nor should the foregoing provision be interpreted to mean, that the limit of the company's liability under the uninsured motorist provision of the policy shall in all events be limited to the amount stated in the declaration for only one vehicle, regardless of the number of vehicles insured.
Appellant suffered bodily injuries while riding as a passenger in the insured Volkswagen when it was struck by an uninsured vehicle driven by an uninsured motorist. Appellant's claim against appellee for the damages suffered by her was disputed as a result of which the matter was submitted to arbitration as provided by the terms of the policy. Appellant expended the sum of $154.00 for expert witness fees in the presentation of her claim to the arbitrators which resulted in an award favorable to appellant in the sum of $14,500.00. Appellant thereupon made demand upon appellee for payment of the full award plus the sum expended as costs in the arbitration proceeding. Appellee paid appellant the sum of $10,000.00 and asserted that this was the limit of its liability under its policy. Appellee refused to pay the balance of the award in the sum of $4,500.00, or the litigation *881 costs of $154.00. This suit brought to recover the balance of appellant's claim resulted in the rendition of summary judgment in favor of appellee from which this appeal is taken.
From the foregoing factual recital the primary question which emerges for our determination is whether the insured appellant is entitled to payment for the full amount of damages suffered by her from the maximum amount of uninsured motorist coverage stated in the schedule covering both of the insured vehicles in the amount of $10,000.00 each, or whether her recovery under the policy is restricted to the coverage in the amount of $10,000.00 afforded only by the insured vehicle in which she was riding at the time of her injuries.
In Sellers v. United States Fidelity & Guaranty Co.[1] the insured plaintiff received bodily injuries when an insured vehicle owned by a third party in which she was riding as a passenger was struck by an uninsured motorist. She settled a part of her loss with the insurance company whose policy covered the vehicle in which she was riding as a passenger, and then made demand on her own insurance carrier, the defendant therein, for payment of the remainder of her loss under the uninsured motorist provision of the insurance policy covering her personally owned vehicle. The defendant carrier rejected her demand on the ground of nonliability arising under the "other insurance" condition of her policy. In declaring void the "other insurance" condition of the policy which purported to limit the carrier's liability, and holding that the insured was entitled to payment from both insurance carriers for the full amount of her loss within the combined maximum limits of liability stipulated in both policies, the court said:
"Our views herein are predicated upon our construction of § 627.0851. We consider that it provides for a limited type of compulsory automobile liability coverage. It appears to require coverage for bodily injury caused by the negligence of an uninsured motorist to the extent of specific limited amounts. It does not permit `other insurance' clauses in the policy which are contrary to the statutorily limited amounts of coverage. It is clear that the statute does not limit an insured only to one $10,000 recovery under said coverage where his loss for bodily injury is greater than $10,000 and he is the beneficiary of more than one policy issued under § 627.0851. The statute is designed to protect the insured as to his actual loss within such limits, but being of statutory origin it is not intended that an insured shall receive more from such coverage than his actual loss, although he is the beneficiary under multiple policies issued pursuant to F.S. § 627.0851, F.S.A. * * *
"The statute, absent the clauses attempted to be inserted by Condition 5, lends itself to reasonably easy interpretation and application. Without such clauses the statute and general principles of insurance law treat each automobile liability insurance policy as a separate item of coverage and unlimited by benefits to be paid by other insurance. To recapitulate, if there exists more than one automobile liability insurance policy protecting the same insured, then in case of loss each of the insurers would, under general law relating to insurance and paragraph number 4 of the statute, prorate the amount paid to cover the loss of the insured."
In Travelers Indemnity Company v. Powell[2] the plaintiff husband and wife each owned vehicles which were insured by different insurance carriers under policies which included uninsured motorist coverage and in which each were named as insureds. They each received personal injuries when the husband's vehicle in which they were riding was struck by an *882 uninsured motorist. The husband's insurance carrier paid plaintiffs the limit of liability stated in its policy for a portion of the loss suffered by them, and they then made demand upon the carrier whose policy covered the wife's uninvolved vehicle for the remainder of their loss within the policy limits. This demand was rejected by the wife's insurance carrier on the strength of a clause in its policy which excluded liability if the insured is injured while occupying another vehicle owned either by the insured or a relative. In declaring the exclusionary clause of the policy void, and holding that the plaintiffs could look to the combined limits of liability stipulated in the uninsured motorist coverage of both of their policies for reimbursement of their loss, this court said:
"The uninsured motorist statute has been the subject matter of prodigious litigation of which there seems to be no foreseeable termination. In Davis v. United States Fidelity & Guaranty Co., [172 So.2d 485,] this court first expressed the public policy contemplated by the Legislature by the enactment of Section 627.0851, Florida Statutes, F.S.A., when it stated, `The cited statute * * * established the public policy of this state to be that every insured, within the definition of that term as defined in the policy, is entitled to recover under the policy for the damages he or she would have been able to recover against the offending motorist if that motorist had maintained a policy of liability insurance.' Numerous decisions construing various provisions of insurance contracts have held that this public policy is violated by any restrictive language inserted in an insurance policy having the effect of defeating the purpose and intent of the statute, and such provisions must be considered nugatory and void.
"The Powells contend, and we agree, that the exclusion clause here is an invalid restriction because it is not the intent of the statute to limit coverage to an insured by specifying his location or the particular vehicle he is occupying at the time of injury. The statute states its purpose thusly:
"`* * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *.'
* * * * * *
"The coupling of uninsured motorist coverage with family protection coverage in an automobile liability policy has made each member of a family an insured under each such policy purchased by any family member. * * *"
From the above-cited decisions the principle appears to be established that if one who is a beneficiary under the uninsured motorist provision of multiple insurance policies suffers a compensable loss, he is entitled to payment of his loss from any or all of the insurance carriers within the limits of liability stated in their respective policies. His recovery is not restricted to the coverage of the policy insuring the vehicle in which he was riding at the time of his loss. Such being the controlling law in case of multiple insurance policies, we perceive no reason why a different rule should be applied merely because the insurance coverage afforded on different vehicles is combined in one instead of two or more policies. This is particularly true when each of the insured vehicles is separately described, the coverage granted under the policy is separately listed for each vehicle, and a separate premium is charged for the coverage afforded to each of the described vehicles as is true in the case sub judice.
The construction of the uninsured motorist provision of the insurance policy which we adopt hereby is consistent with the construction placed by the Fourth District Court of Appeal in Government Employees *883 Insurance Company v. Sweet[3] with respect to the "medical payments" coverage of an automobile liability insurance policy similar to the one involved in the case sub judice. In Sweet, one policy insured two vehicles owned by the same insured. The schedule of coverage included a medical payments provision for each of the vehicles for which separate premiums were charged. The limits of liability clause in that policy is similar in all material respects to the one contained in the policy involved in the case sub judice. It was held that the injured insured could look to the medical payments provision applicable to each scheduled vehicle for reimbursement of her damages if the total amount of her medical payments exceeded the maximum amount of liability applicable to either one of the vehicles. While we appreciate the technical distinction between a medical payments provision and an uninsured motorist provision of an automobile liability policy, and the purpose intended to be served by each, it is our thought that the Sweet decision indicates a definite trend of judicial thought calculated to render the maximum protection to the purchasers of automobile liability insurance consistent with the public policy requiring inclusion of uninsured motorist coverage in insurance policies of this type.
For the foregoing reasons we hold that appellant is entitled to payment of the remainder of her loss under the uninsured motorist coverage of the uninvolved vehicle described in the policy issued by appellee.
Appellee insists that the principle enunciated by this court in Hilton v. Citizens Insurance Co. of New Jersey[4] is applicable to the policy provisions present in the case sub judice, and if applied will preclude recovery by appellant from the benefits of the coverage afforded by the uninvolved vehicle. With this contention we are unable to agree. Although the policy provisions present in Hilton are similar in some respects with those found in the policy under consideration in this case, the Hilton policy contained a valid condition which restricted the limits of the carrier's liability to the maximum amount stated in the declarations section of the policy applicable to each accident regardless of the number of vehicles insured by the policy to which its provisions applied. No such qualifying or restrictive condition is found in the policy here considered, so the rule in Hilton is not relevant.
The costs for expert witness fees incurred by appellant in arbitrating her dispute with appellee were disallowed by the trial court on the apparent theory that the claim exceeded the limits of liability stipulated in the insurance policy sued upon. Such costs are clearly allowable under the provisions of F.S. Section 682.08, F.S.A., formerly F.S. Section 57.17, F.S.A.,[5] and should be awarded appellant as part of the compensable loss sustained by her.
The judgment is reversed with directions that an appropriate judgment be rendered in favor of appellant consistent with the views and holdings expressed herein.
Reversed.
CARROLL, DONALD K., and SPECTOR, JJ., concur.
NOTES
[1] Sellers v. United States Fidelity & Guaranty Co. (Fla. 1966), 185 So.2d 689, 692.
[2] Travelers Indemnity Company v. Powell (Fla.App. 1968), 206 So.2d 244, 246, 247.
[3] Government Employees Insurance Company v. Sweet (Fla.App. 1966), 186 So.2d 95.
[4] Hilton v. Citizens Insurance Co. of New Jersey (Fla.App. 1967), 201 So.2d 904.
[5] State Farm Mutual Automobile Ins. Co. v. Rutkin (Fla. 1967), 199 So.2d 705.