230 So.2d 6 (1969)
MORRISON ASSURANCE COMPANY, INC., a Corporation, Petitioner,
v.
Sylvia L. POLAK, As Executrix and Surviving Spouse of Ralph L. Polak, Deceased, Respondent.
No. 38203.
Supreme Court of Florida.
December 17, 1969.
Rehearing Denied January 19, 1970.
William C. Merritt, of Sherouse & Corlett, Miami, for petitioner.
Don R. Livingstone, of Dean, Adams, George & Wood, Miami, for respondent.
ROBERTS, Justice.
This cause is before the court on petition for certiorari to review a decision of the District Court of Appeal, Third District, in Morrison Assurance Company v. Polak, Fla.App. 1968, 216 So.2d 484. The decision affirmed, without opinion, a summary judgment entered by the lower court in favor of the respondent under the authority of Sellers v. Government Employees Insurance Co., Fla.App. 1968, 214 So.2d 879. Possible conflict with Ringenberger v. General Accident F. & L. Assur. Corp., Fla.App. 1968, 214 So.2d 376, was noted. We issued the writ because of such conflict as authorized by Sec. 4, Art. V, Florida Constitution, F.S.A.
The respondent and her deceased husband held a basic combination automobile policy with the petitioner insurance company covering two vehicles. The policy contained a standard uninsured motorist endorsement providing uninsured motorist coverage for each vehicle in the amount of $10,000 for each person and $20,000 for each accident and charging a premium for such coverage of $7.00 for Car 1 and $5.00 for Car 2. The endorsement contained the usual "Limits of Liability" clause providing that
"(a) The limit of liability stated in the schedule as applicable to `each person' is the limit of the company's liability for *7 all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the schedule as applicable to `each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."
Following an accident with an uninsured motorist that cost the life of her husband, the respondent filed a claim under the uninsured motorist endorsement for $20,000  the aggregate amount of coverage provided in the policy for both Cars 1 and 2 for bodily injury to one person. Relying on the "Limits of Liability" clause in the policy quoted above, the petitioner declined to pay more than $10,000. This suit for declaratory judgment followed, resulting in a summary judgment in favor of the respondent in the amount of $20,000. As noted above, the judgment was affirmed on appeal in the decision brought here for review.
The sole issue before the trial court and the appellate court was whether an insured under an uninsured motorist endorsement similar to that in the instant case is entitled to the benefit of the aggregate amount of coverage provided in a single insurance policy for more than one scheduled vehicle. The decisions in the Sellers case, supra, 214 So.2d 879, and the Ringenberger case, supra, 214 So.2d 376, are in direct conflict on this point.
The Sellers case, holding in favor of the insured, was decided by the First District Court of Appeal under the authority of Sellers v. United States Fidelity & Guaranty Co., Fla. 1966, 185 So.2d 689, and Travelers Indemnity Company v. Powell, Fla.App.1st 1968, 206 So.2d 244. Both of these cases were concerned with multiple coverage of an insured risk by more than one insurer and with the validity of an exclusionary clause or a so-called "other insurance" clause under which the insurer sought to avoid liability. In Tuggle v. Government Employees Insurance Co., Fla. 1968, 207 So.2d 674, it was made clear that the rationale of the Sellers case, 185 So.2d 689, and similar decisions, is that exclusionary or "other insurance" clauses designed to decrease uninsured motorist coverage beneath the statutory minimum will be declared invalid as contrary to the purpose and intent of the uninsured motorist statute, Sec. 627.0851, Fla. Stat., F.S.A., which was said to be
"* * * designed to make each policy providing uninsured motorist coverage enforceable to the full statutory minimum to exactly the same extent that a policyholder would be legally entitled to recover damages from the third party tortfeasor." 207 So.2d at p. 675.
It is noteworthy that in Hilton v. Citizens Insurance Co. of New Jersey, Fla. App.1st 1967, 201 So.2d 904, the First District Court of Appeal upheld a clause in the policy limiting the insurer's liability under the uninsured motorist coverage to the statutory minimum regardless of the number of automobiles or trailers to which the policy applied. The Hilton decision was expressly re-affirmed by the First District Court of Appeal in its decision in Sellers v. Government Employees Insurance Co., supra, 214 So.2d at page 879, under the authority of which the decision here reviewed was entered. And in United States Fidelity & Guaranty Co. v. Webb, Fla.App. 1966, 191 So.2d 869, the First District Court of Appeal upheld a clause in an uninsured motorist endorsement excluding from such coverage all vehicles owned by the insured or a relative living in his household that were not scheduled and insured under the uninsured motorist endorsement. This decision was re-affirmed in the Travelers case, supra, 206 So.2d 244, with this comment:
"* * * we adhere to the Webb decision, it being our view, at that time *8 and today, that it was not the intent of Section 627.0851, Florida Statutes, F.S.A., to allow a member of a family to purchase one liability policy and claim total coverage thereunder for the entire family while vastly increasing the risk to his insurer by knowingly owning and operating a fleet of uninsured vehicles upon the highways."
We are unable to reconcile the decision of the First District Court of Appeal in Sellers, supra 214 So.2d 879, with its decisions in the cases referred to above. As brought out in those decisions, the uninsured motorist statute, Sec. 627.0851, Fla. Stat., F.S.A., does not require a car owner to take out uninsured motorist coverage. He may reject it as to one or more or all owned vehicles. If clauses limiting the liability of the insuror to the statutory minimum and excluding liability for vehicles that are not scheduled and insured under the uninsured motorist endorsement are valid  and it was so held by the court in the decisions referred to above, with which we agree  then it follows that the decisions concerning the validity of such clauses in multiple coverage cases involving two or more insurors are not relevant to the question of the liability of a single insuror under a single policy. It was expressly so held in the Hilton decision, supra, 201 So.2d at page 905.
In Ringenberger, supra, 214 So.2d 376, the Fourth District Court of Appeal approached the question with which we are here concerned without regard to the decisions involving multiple coverage and, we think, rightly so. It held that the consideration for the additional premium for Car 2 was the fact that Car 2 was not excluded from coverage under an exclusionary clause similar to that upheld in United States Fidelity & Guaranty Co. v. Webb, supra, 191 So.2d 869 (which clause is identical to the exclusionary clause in the subject uninsured motorist endorsement), and that the "Limits of Liability" clause clearly and unambiguously limited the liability of the insuror to the statutory minimum for one person for one accident. As stated by the court, and we agree:
"If greater coverage is afforded in the face of this language, it would require a judicial redraft of the insurance contract. Strictness in construing an insurance contract should not extend to adding a meaning to language that is clear."
We have not overlooked the decision in Government Employees Insurance Co. v. Sweet, Fla.App. 1966, 186 So.2d 95, cited in the Sellers case, 214 So.2d 879, as being "consistent with" its decision. This case was distinguished in Ringenberger as against a contention similar to one made here  that is, that a "two or more automobiles" clause created an ambiguity that was required to be resolved in favor of the insured. Here, as in the policy in Ringenberger, the "two or more automobiles" clause is not applicable to the uninsured motorist endorsement, under its express terms, so that the decision in Government Employees Insurance Co. is not in point.
For the reasons stated, the decision here reviewed should be and it is hereby quashed.
DREW, ADKINS and BOYD, JJ., concur.
ERVIN, C.J., concurs specially with opinion.
ERVIN, Chief Justice (concurring specially):
I concur in the judgment rendered in the foregoing opinion. I fear decisional confusion will result if provisions in, or endorsements of automobile liability policies containing uninsured motorist coverage are in any way permitted to vary the language of F.S. Section 627.0851, F.S.A., and F.S. Section 324.021(7), F.S.A.
*9 Section 324.021(7) of the chapter relating to financial responsibility provides:
"(7) PROOF OF FINANCIAL RESPONSIBILITY.  That proof of ability to respond in damages for liability, on account of accidents arising out of the use of a motor vehicle, in the amount of ten thousand dollars because of bodily injury to or death of one person in any one accident and subject to said limits for one person, in the amount of twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of five thousand dollars because of injury to or destruction of property of others in any one accident."
The endorsement in the policy under consideration tracks the language of Section 324.021(7), and is not an objectionable variance. It gives separate uninsured motorist coverage to each of the two vehicles. That is, coverage, on account of an accident arising out of the use of an identified motor vehicle, in the amount of $10,000 because of bodily injury to or death of one person in any one accident, and subject to the limit of $20,000 because of bodily injury to or death of two or more persons in any one accident involving the motor vehicle.
An insurer is permitted by the statutes to provide greater uninsured motorist coverage than the minimum required by the two statutes, but it cannot provide less. There may be total rejection of statutory uninsured motorist coverage by an insured who purchases an automobile liability policy, but neither he nor the insurer can "negotiate" to reduce by any inconsistent language the minimum coverage provided by the two statutes. In other words, there can be no reduction as to the coverage involving at least one motor vehicle viz.: the $10,000 limit for one person injured or killed in the accident involving the identified motor vehicle, and the $20,000 limit because of bodily injury to or death of two or more persons in the accident involving the motor vehicle. Such is the statutory public policy of these statutes that is designed to provide financial assistance for a specific class of persons suffering losses in motor vehicle accidents.