PER CURIAM.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, reported at 217 So.2d 843, which opinion is as follows:
“PER CURIAM.
“This appeal presents the same issue which has previously been dealt with in Ringenberger v. General Accident F. & L. Assur. Corp., Fla.App. 1968, 214 So.2d 376; Sellers v. Government Employees Insurance Co., Fla.App. 1968, 214 So.2d 879; and Morrison Assurance Company, Inc. v. Polak, Fla.App. 1968, 216 So.2d 484 (opinion filed in this court December 17, 1968).
“In the last cited decision we followed the reasoning set forth in the Sellers decision and noted possible conflict with the Ringenberger decision. Appellee has unsuccessfully attempted to distinguish the present case from the Sellers case. We therefore reverse the declaratory judgment on the authority of the Sellers and Morrison decisions.
“Reversed and remanded with directions to enter judgment for the appellants.”
*103 Since the filing of the petition for writ of certiorari in this case, the Court has decided the point of law in question in Morrison Assurance Company, Inc. v. Po-lak, 230 So.2d 6, opinion filed December 17, 1969, quashing the decision of the District Court which was relied on by the District Court in the instant case. Also, this Court has denied certiorari, on the basis of the Morrison Assurance Company opinion, in the case of Ringenberger v. General Accident F. & L. Assur. Corp., 232 So.2d 381, opinion filed March 18, 1970.
Accordingly, petition for writ of certio-rari is granted, the decision of the District Court is quashed and the cause remanded for disposition not inconsistent with the views expressed in the Morrison Assurance Company case, supra.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW, CARLTON and BOYD, JJ., concur.