288 So.2d 238 (1973)
Daniel A.B. TUCKER, As Father and Next Friend of Kim Marie Tucker, a Minor, Deceased, and Daniel A.B. Tucker, Individually, Petitioner,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Foreign Corporation, Respondent.
No. 43711.
Supreme Court of Florida.
December 13, 1973.
Rehearing Denied February 6, 1974.
*239 Edward A. Perse, Horton & Perse, and Ronald W. Jabara, Miami, for petitioner.
Paul A. Carlson, Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, for respondent.
ERVIN, Justice.
This is a conflict certiorari review of the decision of the District Court of Appeal, Third District, in the case of Tucker et al. v. Government Employees Insurance Company, 274 So.2d 549.
The District Court of Appeal in its decision answered this question in the negative:
"Whether under extant Florida law an insured under an uninsured motorist endorsement with stated per person accident policy limits attached to a combination policy covering two vehicles, with separate premium charged for each, is entitled to aggregate or "stack" the amount of coverage provided for each vehicle notwithstanding policy provisions to the contrary."
The parties in this litigation stipulated in the trial court to the following facts:
"3. That on May 16, 1971, at Fort Pierce, Florida, the minor Plaintiff, KIM MARIE TUCKER, was involved in an automobile accident while a passenger in an insured vehicle.
"4. That the Plaintiff [Petitioner], DANIEL A.B. TUCKER, is the father and next friend of ... KIM MARIE TUCKER [a resident member of his household].

*240 "5. That at the time of the accident ... [Petitioner] had a liability insurance policy with [Respondent] covering two vehicles; ... with two certificates of coverage ... one for each vehicle, and that said [Petitioner] did pay a separate premium for uninsured motorist coverage on each vehicle....
"6. That ... a claim for uninsured motorist protection was made and a demand for arbitration, in the amount of $20,000.00, was also made with the American Arbitration Association.
"7. That ... the [Respondent] has denied the existence of coverage in the amount of $20,000.00 but states that the said coverage is limited to $10,000.00."
The subject policy of insurance contains the following pertinent provisions:
"PART IV  PROTECTION AGAINST UNINSURED MOTORISTS
"Coverage J  Uninsured Motorists (Damages for Bodily Injury):
"To pay all sums which the insured or his legal representatives shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, including death resulting therefrom, hereinafter called `bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile ...
* * * * * *
"Definitions: The definitions under Part I, apply to Part IV, except the following definitions:
"(a) `Insured' means:
"(1) the named insured as stated in the policy (herein also referred to as the `principal' named `insured') and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either;
* * * * * *
"The insurance applies separately with respect to each insured, but the application of the insurance to more than one insured shall not operate to increase the limits of the company's liability.
* * * * * *
"Limits of Liability:
"(a) Regardless of the number of automobiles or trailers to which this policy applies, the limit of liability for uninsured motorists coverage stated in the declarations as applicable to `each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident; and, subject to the above provisions respecting each person, regardless of the number of automobiles or trailers to which this policy applies, the limit of liability stated in the declarations as applicable to `each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."
On the basis of those stipulations and the provisions of the insurance policy, the trial court entered summary judgment in favor of the respondent insurance company. The District Court affirmed "upon authority of the rule stated in Morrison Assurance Company, Inc. v. Polak, Fla. 1969, 230 So.2d 6."
We disagree with the holding of the District Court. Upon more mature reflection of the true purpose and intent of the uninsured motorist statute, Section 627.0851, F.S., after our decision in Morrison Assurance Company, Inc. v. Polak, supra, we rendered the decision in Mullis v. State Farm Mutual Auto Insurance Co., Fla. 1971, 252 So.2d 229. The holding in Mullis reverted to the better reasoning of the *241 First District Court of Appeal in Sellers v. Government Employees Insurance Co., 1968, 214 So.2d 879, cert. dis., Fla. 1969, 229 So.2d 873, that insurance policies covering two or more automobiles owned by the insured with uninsured motorist coverage included and containing a limitation of liability similar to the one here involved, provided coverage to the extent of the bodily injury inflicted upon an insured in the total amount of the per person coverage for each vehicle. In support of its conclusion the District Court said:
"From the above-cited decisions the principle appears to be established that if one who is a beneficiary under the uninsured motorist provision of multiple insurance policies suffers a compensable loss, he is entitled to payment of his loss from any or all of the insurance carriers within the limits of liability stated in their respective policies. His recovery is not restricted to the coverage of the policy insuring the vehicle in which he was riding at the time of his loss. Such being the controlling law in case of multiple insurance policies, we perceive no reason why a different rule should be applied merely because the insurance coverage afforded on different vehicles is combined in one instead of two or more policies. This is particularly true when each of the insured vehicles is separately described, the coverage granted under the policy is separately listed for each vehicle, and a separate premium is charged for the coverage afforded to each of the described vehicles as is true in the case sub judice." (Emphasis supplied.)
Morrison Assurance Company, Inc. v. Polak, supra, relies heavily upon United States Fidelity & Guaranty Co. v. Webb (Fla.App. 1966), 191 So.2d 869, which holding we declined to follow in Mullis. The First District Court, as we have noted above, also refused in 1968 to follow its holding in Webb in Sellers v. Government Employees Insurance Company, supra.
In Mullis, after careful research we announced the general principle (which produces conflict to the "stacking" exclusionary provision below upheld) that:
"No policy exclusions contrary to the statute [uninsured motorist statute] of any of the class of family insureds are permissible since uninsured motorist coverage is intended by the statute to be uniform and standard motor vehicle accident liability insurance for the protection of such insureds thereunder as `if the uninsured motorist had carried the minimum limits' of an automobile liability policy."
A reading of Section 627.0851, F.S. as it appears in Florida Statutes 1969 and F.S. Section 627.727, F.S.A., as the latter appears in Florida Statutes 1971, the uninsured motorist statute, does not disclose any statutory basis for a "stacking" exclusion in a policy combining auto liability coverage for two or more automobiles of the named insured with uninsured motorist coverage included.
The statute requires that each such policy cover any bodily injury loss of the insured or insureds caused by the negligence of any uninsured motorist. The statute provides that such coverage shall be included in any automobile liability policy covering "any motor vehicle" in not less than the limits described in Section 324.021(7) "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury ... resulting therefrom." However, this coverage is obviously not restricted to the limits of F.S. Section 324.021(7), F.S.A., for one vehicle when more than one automobile is covered. The quotation from Mullis herein reflects the applicable law where only one automobile is covered. Other cases, e.g., Sellers v. United States Fidelity & Guaranty Co. (Fla.), 185 So.2d 689, text 692, hold that an insured is entitled to multiple uninsured *242 motorist protection where he is the beneficiary under additional coverage. The total uninsured motorist coverage which the insured has purchased for himself and his family regardless of the number of vehicles covered by his auto liability policy inures to him or any member of his family when injured by an uninsured motorist. Moreover, according to Sellers v. United States Fidelity & Guaranty Co., supra, such total coverage is applicable to any uninsured motorist negligently injuring the insured or any member of his family covered thereby. The statute admits of no authority in the insurer by a provision in the policy to limit coverage on the presumed basis that the uninsured motorist would only have covered himself with the minimum auto liability coverage required under F.S. Section 324.021(7), F.S.A. The determinant of the amount of coverage is the total which the insured purchases pursuant to the authority of the statute and not that which the insurer otherwise attempts to limit by a provision in the policy.
An insured under uninsured motorist coverage is entitled by the statute to the full bodily injury protection that he purchases and for which he pays premiums. It is useless and meaningless and uneconomic to pay for additional bodily injury insurance and simultaneously have this coverage cancelled by an insurer's exclusion. The premium rates are standard and uniform on a per car basis. The insured's full protection cannot be whittled away by exclusions or limitations which presuppose he only intended to cover himself on the presumed basis of single car auto liability coverage had the uninsured motorist purchased the same. Compare Dyer v. Nationwide Mutual Fire Ins. Co. (Fla. 1973), 276 So.2d 6, and particularly see Employers Liability Assurance Corp., Ltd. v. Jackson (1973), 289 Ala. 673, 270 So.2d 806.
We must not confuse uninsured motorist protection as inuring to a particular motor vehicle as in the case of automobile liability insurance. It is bodily injury insurance which protects against such injury inflicted by the negligence of any uninsured motorist.
It is an anomaly to contend that if two automobiles are combined in the coverage of one auto liability insurance policy with uninsured motorist protection added that an exclusion of the kind here involved may be validly inserted, but that if a separate policy covered each automobile such exclusion is invalid. The mere form of a policy  a combination coverage  should not be the predicate for an exclusion of additional coverage.
It was held in Sellers v. United States Fidelity & Guaranty Co., supra, that an insured protected by more than one policy of uninsured motorist insurance was entitled to recover under all such policies to the extent of his bodily injury by an uninsured motorist. The rationale of Sellers was that any contrary exclusionary clause to such recovery was invalid under the statute. The Mullis case, as well as Salas v. Liberty Mutual Fire Ins. Co., Fla. 1972, 272 So.2d 1, follows the Sellers rationale. The weight of authority over the nation follows this rationale.
We note nothing in Section 627.0851 or its successor, Section 627.727, which authorizes an insurer providing uninsured motorist coverage to limit coverage as here attempted. The statute covers the entire subject and sets forth what may be excluded. For example, Section 627.727, F.S. 1971, F.S.A., does not allow an insured's collateral sources as follows:
"benefits available to an insured under any workmen's compensation law, disability benefits law, or any similar law; under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident,"
*243 to be duplicated by uninsured motorist coverage; the latter is excess over.
It is quite obvious from the quoted language just above that although the Legislature has gone a long way in whittling away for insurers the uninsured motorist coverage as was prescribed for the public in the original uninsured motorist statute, the Legislature has not as yet gotten around to limiting such coverage as the insurer here has attempted.
The decision of the District Court is quashed and the cause remanded for further proceedings not inconsistent herewith.
It is so ordered.
ADKINS, BOYD and McCAIN, JJ., concur.
DEKLE, J., dissents with opinion.
CARLTON, C.J., and ROBERTS, J., dissent and concur with DEKLE, J.
DEKLE, Justice (dissenting):
No conflict appears; ergo, no jurisdiction. I would discharge the writ of certiorari.
The district court has done no more than to follow our own Polak in which this Court reviewed the matter of "stacking" of uninsured motorist coverage in a combination multi-vehicle policy, as here. Obviously then, Polak and the present case reaching the same result, are not in conflict.
Mullis and Salas turn on points not in conflict with Polak and Tucker, sub judice. Mullis and Salas similarly held exclusionary clauses invalid which attempted to deny coverage to a resident household member injured in a family-owned but non-covered vehicle.
Tucker, here, involves no denial of coverage; indeed, the full $10,000 minimum liability was paid. The district court's opinion under review quotes from our previous decisions in stating that the uninsured motorist statute was to provide coverage:
"... to the full statutory minimum to exactly the same extent that a policy holder would be legally entitled to recover damages from the third party tort feasor." (emphasis added)
Thus the holding is completely consistent with our uninsured motorist statute and holdings thereunder and precisely meets its objective to provide the minimum limits that an uninsured motorist should have been carrying, namely, the $10,000 which was paid.
There being no conflict as a basis for our jurisdiction, I would discharge the writ of certiorari as improvidently issued.
CARLTON, C.J., and ROBERTS, J., concur.