McCORD, Judge.
This is an appeal from a final judgment ruling that appellees are entitled to an additional $20,000 under their automobile insurance policy issued by appellant. Appellant had paid $10,000 under this policy and $10,000 under an additional policy. We reverse.
On October 16, 1972, appellee Dora Mee-han was injured in an automobile accident through the negligence of an uninsured motorist. At the time the Meehans had four automobiles insured by appellant under two policies, each of which .carried $10,000-$20,000 uninsured motorist cover *650 age. The policy covering the vehicle in which Dora was injured (hereinafter referred to as the first policy) also covered two additional vehicles. The fourth vehicle was covered by the second policy. Dora’s damages from the injury exceeded $40,000.
Shortly after the accident, appellee .Harold Meehan met with an independent adjuster who represented appellant and presented to him an “extension certificate” showing coverage of his automobile which was involved in the accident. On November 29, 1972, appellant paid property damage benefits and $5,000 personal injury protection. Thereafter, on October 26, 1973, Dora submitted an uninsured motorist claim. On November 13, 1973, appellant paid Dora $10,000 pursuant to the claim and she and her husband executed a release and trust agreement which by its terms was only applicable to appellant’s liability under the first policy. At that time, neither appellees nor the adjuster knew about the second policy and the adjuster represented to appellees that $10,000 was all that was payable. Appellees contend, and the trial judge ruled that the release should be set aside because it was entered into under a mutual mistake of fact (the existence of the second policy); appellees now contend that they would not have executed the release had they known the fourth vehicle was covered by a second policy. While the fact of the existence of a second policy covering a fourth automobile constituted a mutual mistake of fact between appellees and the adjuster at the time of the $10,000 settlement under the first policy, such mistake is not material to the disposition of this case.
Under the law as it existed on the date the release was executed, Dora was only-entitled to $10,000 uninsured motorist benefits under each of the two policies or a total of $20,000. She was not entitled to $10,000 benefits for each of the four insured vehicles. See Morrison Assurance Co., Inc. v. Polak, Fla., 230 So.2d 6 (1969). One month following the execution of the release the Supreme Court in Tucker v. Government Employees Insurance Co., Fla., 288 So.2d 238 (1973), reconstrued the applicable law and ruled that when one policy with an uninsured motorist endorsement is issued covering several vehicles the insured is entitled to aggregate or “stack” the amount of coverage provided for each vehicle. Under this ruling had the settlement under the first policy not previously been made, Dora would now be entitled to receive $30,000 benefits under it rather than the $10,000 she received. Seeking the benefit of this new ruling appellees filed this suit. It was then discovered that there was a second policy and upon such discovery, appellant promptly paid the $10,000 uninsured motorist benefits to which Dora had been entitled under the second policy pursuant to the Supreme Court’s ruling in Morrison. In addition, appellant paid an attorney’s fee to appellees’ attorney since it had failed to remit for such coverage until after suit was filed. Relying upon the settlement and release under the first policy, appellant resisted the suit for the additional $20,000 claimed under that policy.
The mutual mistake of fact related only to the existence of the second policy and all liability under it has now been satisfied. The mistake had no relation to the first policy under which the additional $20,000 is here claimed. It did not in any way affect appellees’ continued liability under the second policy. Dora received pursuant to the first policy the full amount to which she was entitled under the then established law as enunciated by the Supreme Court in Morrison.
Reversed and remanded.
McCORD, Acting C. J., and MILLS and SMITH, JJ., concur.