341 So.2d 1056 (1977)
LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation, Appellant,
v.
Evelyn FURMAN, Individually and As Executrix of the Estate of Daniel G. Furman, Deceased, et al., Appellees.
Nos. 75-1959, 76-232.
District Court of Appeal of Florida, Third District.
February 1, 1977.
*1057 Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for appellant.
Sams, Anderson, Post & Ward and R. Thomas Farrar, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
HENDRY, Chief Judge.
Appellant, plaintiff in an action for declaratory relief filed in the court below and insurer of the deceased, appeals from a final money judgment entered by the lower court in favor of appellees, the defendants-counterplaintiffs below and wife and children of the deceased; and from a subsequent order assessing attorney's fees and amending the above final judgment. By order of this court, the two appeals have been consolidated.
The deceased was the named insured under a comprehensive automobile policy issued by appellant. The policy covered three automobiles owned by the deceased and afforded him protection against uninsured motorists in the amount of $300,000.00 per accident, per vehicle. Appellant charged the deceased separate premiums for each vehicle, said vehicles being individually classified in the policy.
In May, 1974, the deceased died as a result of a collision between the car which he was driving (and in which his wife was a passenger) and another vehicle driven by one Heller. Heller, whose negligence was the sole proximate cause of the accident, had an automobile liability policy providing maximum coverage of $10,000/$20,000. Heller's insurer paid its $20,000 limits to appellees.
In October, 1974, appellees filed a demand for arbitration of an $880,000.00 uninsured motorist claim against appellant for both the death of the deceased and injuries to appellee-widow. Appellant thereupon filed for declaratory judgment asserting that the uninsured motorist coverage under the policy was $300,000.00 per accident. Appellees counterclaimed for a judicial declaration that the $300,000.00 could properly be "stacked" to produce uninsured motor vehicle coverage of $900,000.00.
Following a final hearing on all issues, the trial court determined that the limits of $300,000.00 per accident could properly be stacked, affording appellees $900,000.00 of coverage. Based on the amount of damages and available coverage the court awarded appellees $560,500.00 and by subsequent order, attorney's fees were also awarded against appellant. This appeal follows.
Appellant initially claims that the lower court erred in "stacking" the individual vehicle's $300,000.00 liability limitations. In addition, appellant contends that the lower court erred in awarding appellee-widow $215,000.00 damages, by virtue of the decedent's death.
By way of cross-appeal, appellees cite as error the lower court's refusal to award *1058 damages to appellee-Malcolm, the son of the deceased, who had passed the age of eighteen years but who had not yet reached the age of twenty-one as of the time of the accident.
Firstly, appellant's basic argument concerning the stacking issue is grounded upon the belief that Tucker v. Government Employees Insurance Co., 288 So.2d 238 (Fla. 1973), is no longer viable as authority for stacking uninsured motorist coverage in the light of Section 627.727, Florida Statutes (1973), which appellant claims is significantly different from former Section 627.0851, Florida Statutes (1969), as applied in the Tucker decision, supra.
While we note a change in Section 627.727, Florida Statutes (1973), allowing an insured a greater choice in the amount of uninsured motorist coverage he wishes to purchase, as compared to the "mandatory" language of Section 627.0851, Florida Statutes (1969), we do not believe said change affects the Tucker rationale. In fact, in a recent decision of this court, we expressly relied upon Tucker in affirming a lower court's declaration which held that provisions in a policy upon two automobiles against stacking of uninsured motorist coverage were ineffective. Government Employees Insurance Company v. Dammert, 335 So.2d 583 (Fla. 3d DCA 1976). Therefore, based upon the above authority, we are of the opinion that the trial judge was correct in declaring that the uninsured motor vehicle coverage afforded each automobile in the policy could properly be stacked. See State Farm Mutual Automobile Insurance Company v. Anderson, 332 So.2d 623 (Fla. 4th DCA 1976).
Appellant's second point concerns an alleged error of the trial court in awarding the deceased's widow $215,000.00 as damages for the economic loss suffered by decedent's death. Appellant claims that without consideration of the diminution in value of the deceased's family owned business, no award could properly be computed.
We note that the trial judge awarded the aforementioned amount pursuant to his findings of fact and conclusions of law. It is well-settled and we have so held that findings rendered on conflicting evidence by a trial judge comes to an appellate court clothed with a presumption of correctness, and absent a showing that they are clearly erroneous, will not be disturbed upon appeal. Hill v. Coplan Pipe & Supply Co., Inc., 296 So.2d 567 (Fla. 3d DCA 1974). In that the award was based upon competent and substantial evidence, we hold that said award was not clearly erroneous, and affirm. Courshon v. Fontainebleau Hotel Corporation, 307 So.2d 901 (Fla. 3d DCA 1975).
By cross-appeal, appellees have assigned as error that portion of the trial court's conclusions of law and final judgment which failed to award damages for appellee-Malcolm's loss of parental guidance and for his mental pain and suffering, arising from the death of his father, in accordance with the Florida Wrongful Death Act, Sections 768.16-768.27, Florida Statutes (1973). The trial judge determined that appellee, who had passed the age of eighteen years, was no longer a "minor" under the above sections and therefore could not recover for the aforementioned damages.
Since the filing of appellees' cross-appeal, our Supreme Court has construed the term "minor" to mean any unmarried child under the age of eighteen years, and thus, the trial judge's determination prohibiting recovery should be affirmed. Hanley v. Liberty Mutual Insurance Company, 334 So.2d 11 (Fla. 1976).
Based upon the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, we have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.