CARROLL, Judge.
Appellant seeks reversal of an order denying her petition to the circuit court for return to her of an automobile.
Appellant’s sister, a judgment debtor, had transferred her 1963 Cadillac automobile to one Cernogorsky, in fraud or hindrance of the judgment creditor in violation of § 55.57, Fla.Stat., F.S.A. The car was subject to a purchase money lien held by a bank. Appellant purchased the car from Cernogorsky. She financed the purchase at a hank and the proceeds thereof were used by Cernogorsky to discharge the existing lien indebtedness thereon.
On supplementary proceedings initiated by the judgment holder under §§ 55.52-55.61, Fla.Stat., F.S.A., wherein appellant became a party, the court held that the transfer to appellant was void as to the creditor, and that the automobile was subject to execution. In so holding the trial court necessarily found that appellant was not “a bona fide purchaser for value and without notice,” and therefore did not meet the requirements of the exception for such in the statute (§ 55.57).
Appellant's contention that the evidence was insufficient to support a finding that she was not a bona fide purchaser for value and without notice, is without merit. It was not made to appear that the purchase was “for value,” and on the evidence the trial judge was entitled to conclude that the appellant-purchaser was not without notice, in that it was disclosed she had knowledge of facts sufficient to put her on inquiry.
No error having been made to appear, the order appealed from is affirmed.
Affirmed.