PER CURIAM.
This consolidated appeal is taken from a “final judgment in supplementary proceedings” and from an “order granting a motion for rehearing and to open judgment entered February 15, 1977, and to enter judgment for impleaded third parties.”
Appellant, Continental Consultants Ltd., defendant-in-execution below, appeals from the above final judgment entered in favor of appellees, Mr. and Mrs. William Day and El Conquistador Condominium Association, Inc., plaintiffs-in-execution below. These same plaintiffs-in-execution appeal from the above order entered in favor of Mira-mar Holding Corp., Miramar Construction Co., and Robert Susi, all impleaded third parties below. Both the final judgment and order emanate from an action wherein the trial judge set aside a conveyance of some thirty-seven condominium units from *306 El Conquistador Condominium, Inc., to Continental Consultants Ltd. The trial judge was of the view that said conveyance represented a fraud on appellees, as million dollar judgment creditors of El Conquistador Condominium, Inc.
The complex facts of this case are adequately set forth in the final judgment and order, and are as follows:
“FINAL JUDGMENT IN SUPPLEMENTARY PROCEEDINGS
“THIS CAUSE was initiated by the Plaintiffs-in-Execution’s Affidavit in Support of Application for Impleading Third Parties, Examination of Defendant-in-Execution and Third Parties and Determination of Rights of All Parties and a Rule to Show Cause issued by the Court. On February 26, 1976, the Court entered its Order on Rule to Show Cause to Implead Third Parties, and pursuant to notice, a full hearing for examination of all parties was held on September 13, 1976, continued on September 17, 1976, and continued again on February 3, 1977. At the conclusion of testimony the court has also considered argument of respective counsel and memoranda and pleadings on file. The Court, being fully advised in the premises, finds as follows:
“1. All parties are properly before the Court for a determination of their rights.
“2. Neither the Defendant-in-Execution, El Conquistador Condominium, Inc., nor any of the third parties has proven that transfers within one year before service of the Plaintiffs-in-Execution’s counterclaim on Defendant-in-Execution of property belonging to the said Defendant-in-Execution was not made to delay, hinder or defraud creditors (including Plaintiffs-in-Execution). The property transferred includes at least $29,000.00 paid to Miramar Construction Co. and at least $424,000.00 to Miramar Holding Corp. as well as the transfer of 37 condominium apartments and 12 first mortgages (described in Schedule A attached hereto) to Continental Consultants, Ltd., a Grand Cayman corporation.
“3. At the time of these transfers El Conquistador Condominium was either insolvent or its insolvency was imminent. The transfers of funds were made to related corporations, Roberto Susi being the president of all three, a director of all three and sole shareholder of Miramar Holding Corp. which in turn owned all the shares of the other two corporations. The independence of Continental Consultants Ltd. from Roberto Susi has not been adequately demonstrated, and there is some credible evidence indicating to the contrary.
“4. The apartments and mortgages were transferred to Continental Consultants Ltd. by El Conquistador Condominium, Inc. (together with an outstanding note held by Miramar Holding Corp. for over $1,000,000.00) for an alleged consideration of approximately $700,000.00 just prior to trial of the main case. The consideration paid for the total package was considerably less than the value of the apartments and mortgages alone. The apartments and mortgages, after the sale to continental, were and still are managed by Kendale Management, Inc. as agent for Continental. Roberto Susi is president of Kendale Management, Inc. and owns all its stock.
“5. Of the approximately $700,000.00 paid by Continental, approximately $475,-000.00 was paid to a bank to release the apartments which were security for a loan, and the balance was paid to Mira-mar Holding Corp. Miramar Construction Co. and Miramar Holding Corp., in turn paid lump sum ‘salaries’ of approximately $175,000.00 and $100,000.00 respectively to Robert Susi in December, 1974, and January, 1975, just prior to trial.
“6. Plaintiffs-in-Execution have proven by substantial competent evidence that the conveyance of the 37 apartments and 12 mortgages listed in Schedule A was made to delay, hinder and defraud creditors. F.S. §§ 56.29(6); 726.01.
“7. Impleaded third parties Miramar Holding Corp., Roberto Susi, Miramar *307 Construction Co. and Continental Consultants, Ltd., have in their possession property of the defendant-in-execution.
“8. At all times relevant and until July, 1975, Susanna Weissberg Averbach, Mr. Susi’s sister, was an officer and/or director of the Defendant-in-Execution. Until March, 1974, Mrs. Dora Susi was an officer of the Defendant-in-Execution. However, the Court makes no findings with respect to said impleaded third parties. As to impleaded third party Roberto Susi, the Court finds that he permitted the transfers set forth hereinabove on a preferential basis and should be personally liable to creditors for such transfers. F.S. § 608.55.
“9. The Court is of the opinion that this case turns largely on the credibility of witnesses, and the testimony of Robert Susi, Octavio Pardo and Carlos Mitre is not credible.
“In accordance with the foregoing findings, it is
“ORDERED AND ADJUDGED as follows:
“1. The conveyances of the apartments and mortgages listed in Schedule A hereto to Continental Consultants Ltd. is hereby adjudged and held to be void and is set aside and said property shall be subject to execution forthwith to satisfy the judgment in favor of plaintiffs in executions and shall be delivered to the Sheriff of Dade County on his demand, and the Sheriff of Dade County is directed to take the property into his possession and sell it in accordance with the provisions of Florida law. The proceeds of the sale are to be applied toward the satisfaction, first, of the judgment of the plaintiffs herein, entered on the 31st day of July, 1975, in the total sum of $1,174,-869.00 with interest thereon, as provided by law, after payment of the Sheriff’s cost and the cost of the sale, and thereafter, any excess to be distributed as provided by law.
“2. The proceeds of the sale described hereinabove in (1) are to be distributed to El Conquistador Condominium Association, Inc. as the representative of the class of unit owners under F.S. § 718.111 which shall place same in a separate account and not distribute said funds pro rata to the members of the class. Said funds, after satisfaction of all obligations of and incurred in this litigation, shall be used for maintenance, repair and replacement of common elements of El Conquistador Condominium South. The receiver heretofore provided is discharged upon the performance by the Sheriff of his duties as described in (1).
“3. Plaintiffs-in-execution are entitled to judgment against impleaded third party Roberto Susi in the amount of $150,000.00 for which let execution issue forthwith.
“4. Plaintiffs-in-execution are entitled to judgment against impleaded third party Miramar Construction Co. in the amount of $29,000.00 for which let execution issue.
“5. Plaintiffs-in-execution are entitled to judgment against impleaded third party Miramar Holding Corp. in the amount of $225,000.00 for which let execution issue.
“6. This court retains its jurisdiction over these proceedings supplementary to execution for the purpose of making any further orders within the Court’s discretion, which may be met in regard to carrying out the full purpose and intent of these proceedings.
“DONE AND ORDERED at Miami, Dade County, Florida this 15 day of February, 1977.”
“ORDER GRANTING MOTION FOR REHEARING
“THIS CAUSE came on for oral argument upon the Motion for Re-Hearing and to Open Judgment Entered February 15, 1977 and Enter Judgment for Im-pleaded Third Parties as filed pursuant to Rule 1.530(a), FRCP on behalf of said impleaded third parties, ROBERTO SUSI, MIRAMAR HOLDING CORPORATION and MIRAMAR CONSTRUCTION CO. It appears unto the Court *308 that the First National Bank of Hialeah did hold a valid lien against the thirty-seven (37) condominium apartments and twelve (12) first mortgages then owned by the judgment debtor, EL CONQUISTADOR CONDOMINIUM, INC. This indebtedness of approximately $475,000.00 was satisfied from proceeds of the purported sale of the above units and mortgages made by the judgment debtor, EL CONQUISTADOR CONDOMINIUM, INC., to Continental Consultants Ltd. with the remainder of the sales proceeds being disbursed to MIRAMAR HOLDING CORPORATION. However this conveyance of the condominium units and mortgages was found to delay, hinder and defraud creditors but the remainder of the sales proceeds remitted to MIRA-MAR HOLDING CORPORATION was not the property of the judgment debtor and the Court being otherwise duly advised in the premises thereof, it is upon consideration
“ORDERED AND ADJUDGED as follows:
“1. That the Motion for Rehearing and to Open Judgment Entered February 15, 1977 and Enter Judgment for Im-pleaded Third Parties as filed on behalf of ROBERTO SUSI, MIRAMAR HOLDING CORPORATION and MIRAMAR CONSTRUCTION CO. be and the same is hereby granted.
“2. That the money judgments as contained in the Final Judgment is Supplementary Proceedings as heretofore entered in this cause on February 15, 1977, as against impleaded third party, ROBERTO SUSI, in the amount of $150,-000.00, against impleaded third party, MIRAMAR CONSTRUCTION CO. in the amount of $29,000.00 and against im-pleaded third party, MIRAMAR HOLDING CORPORATION in the amount of $225,000.00 be and the same are hereby vacated and set aside.
“3. That the impleaded third parties, ROBERTO SUSI, MIRAMAR CONSTRUCTION CO. and MIRAMAR HOLDING CORPORATION be and they are hereby dismissed as impleaded third parties to these supplementary proceedings.
“DONE AND ORDERED at Miami, Dade County, Florida this 13 day of April, A. D. 1977.”
After carefully reviewing the record, briefs and arguments of counsel, it is our opinion that the final judgment and order (which modified the judgment) must be affirmed. As for the final judgment the trial judge’s findings have not been shown to be clearly erroneous. Liberty Mutual Insurance Co. v. Furman, 341 So.2d 1056 (Fla. 3d DCA 1977). Additionally, there was competent substantial evidence to support the trial judge’s conclusion that a fraud had been perpetrated upon appellees, as judgment creditors. See Livesay Industries, Inc. v. Livesay Window Co., 305 F.2d 934 (5th Cir. 1962); Cleveland Trust Co. v. Foster, 93 So.2d 112 (Fla. 1957); and Licata v. Acolite Sign Co., 183 So.2d 865 (Fla. 3d DCA 1966).
As far as the order granting motion for rehearing is concerned we believe that the learned judge was correct in vacating the money judgments against the implead-ed third parties, Miramar Holding Corp., Miramar Construction Co, and Robert Susi, as the above impleaded third parties possessed none of the assets of the judgment debtor. See Section 56.29, Florida Statutes (1977). Likewise, appellees cross-appeal from the final judgment, exonerating Dora Susi, Susanna Weissberg Auerbach, must be rejected for the same reason.
Any other points involved on appeal were purely discretionary, with no abuse of same having been shown.
Accordingly, both the final judgment and order granting motion for rehearing are affirmed.
Affirmed.