744 So.2d 1227 (1999)
UNITED SERVICES AUTOMOBILE ASSOCIATION, a Reciprocal Inter-insurance Exchange, Appellant,
v.
Mark S. ROTH and Marilyn Roth, Appellees.
Nos. 97-2981, 97-3578.
District Court of Appeal of Florida, Fourth District.
November 10, 1999.
*1228 Betsy E. Gallagher and J. Bowen Brown of Gallagher & Howard, P.A., Tampa, and Robert C. Gobelman of Gobelman and Love, Jacksonville, for appellant.
George A. Vaka and Tracy Raffles Gunn of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Amicus Curiae-National Association of Independent Insurers and the Florida Defense Lawyers Association.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellees.

ON MOTION FOR REHEARING
WARNER, C.J.
We deny rehearing but withdraw our prior opinion and substitute the following in its place.
In this appeal, the trial court determined that appellee could "stack" umbrella coverage on five vehicles because the statutory requirements of section 627.727(9), Florida Statutes (1997), were not met. We hold that where the insured does not pay additional premiums for additional vehicles, the judicial doctrine of stacking does not apply, and thus the requirements of section 627.727(9) do not apply.
Mark Roth was permanently disabled from an automobile accident with an uninsured/ underinsured motorist. The Roths had primary automobile coverage on their five vehicles with United Services Automobile Association ("USAA"), and their policy provided for stacking of coverage. In addition, the Roths purchased an umbrella policy, including UM coverage, with a stated limit of one million dollars.
The Roths engaged in binding arbitration with USAA and were awarded a total of $3.2 million in damages. USAA tendered $1.5 million, which included $500,000 for the primary policy and $1 million for the umbrella. The Roths sought to stack the umbrella policy for their five vehicles, which would result in $4 million in available coverage. Both sides moved for summary judgment. After concluding that the umbrella policy stacked under section 627.727(9), the trial court granted appellees' motion, awarding the Roths $1.7 million, the remainder of the arbitration award, plus interest.
*1229 Stacking is a judicial creation, based on the common sense notion that an insured should be entitled to get what is paid for. See Tucker v. Government Employees Ins. Co., 288 So.2d 238, 242 (Fla. 1973). Thus, if the insured pays separate premiums for uninsured motorist protection on separate vehicles, the insured should get the benefit of coverage for each individual premium paid. Because the record in this case shows that the appellant did not charge additional premiums for additional vehicles, coverage does not stack.
The Uninsured Motorist statute was originally enacted in 1961. See § 627.0851, Fla. Stat. (1961). When the issue of stacking of coverage was first presented to the supreme court, it decided that uninsured motorist protection did not stack. See Morrison Assurance Co. v. Polak, 230 So.2d 6, 8 (Fla.1969). However, the court receded from this position in Tucker. See 288 So.2d at 242. The parties stipulated in Tucker that the insured had a liability policy covering two vehicles with two certificates of insurance on which the insured paid a separate premium for uninsured motorist coverage on each vehicle. Noting that the statute required that uninsured motorist coverage be provided "in any automobile liability policy covering `any motor vehicle' in not less than the limits described," the court determined:
[a]n insured under uninsured motorist coverage is entitled by the statute to the full bodily injury protection that he purchases and for which he pays premiums. It is useless and meaningless and uneconomic to pay for additional bodily injury insurance and simultaneously have this coverage cancelled by an insurer's exclusion. The premium rates are standard and uniform on a per car basis. The insured's full protection cannot be whittled away by exclusions or limitations which presuppose he only intended to cover himself on the presumed basis of single car auto liability coverage had the uninsured motorist purchased the same. Compare Dyer v. Nationwide Mutual Fire Ins. Co. (Fla.1973), 276 So.2d 6, and particularly see Employers Liability Assurance Corp., Ltd. v. Jackson (1972), 289 Ala. 673, 270 So.2d 806.
Id. at 241-42 (emphasis in original). Although the court held that it did not matter whether two automobiles were combined in the coverage of one automobile liability insurance policy or each with a separate policy, the court's analysis presumed that the insured paid for additional insurance on each vehicle, including additional UM coverage, and thus would be entitled to the benefit of all the insurance protection purchased. See id.
In Coleman v. Florida Insurance Guaranty Ass'n, Inc., 517 So.2d 686, 690 (Fla. 1988), the court was more specific, holding "that an insured may stack a number of uninsured motorist coverages equal to the number of coverages for which he paid a premium." The policy at issue in Coleman covered a fleet of vehicles, but only two premiums were paid for uninsured motorist protection, the amount of premium for each type of coverage being itemized in the policy. Therefore, even though all vehicles were covered under the policy, the insured was only entitled to the benefit of stacking two uninsured motorist coverages. See id. Thus, the charging of a premium for each coverage is essential to the stacking of UM coverages.
A requirement for stacking is not found in the statute. Indeed, after the supreme court permitted stacking in Tucker, the Legislature reacted by enacting section 627.4132, Florida Statutes (1977), which prohibited stacking of any coverage. However, in 1980 it was later amended to exempt uninsured motorist coverage, which is governed by section 627.727. See Ch. 80-364, § 1 at 1495, Laws of Fla. We must read the statutory provisions of section 627.727 with this judicial history in mind.
Section 627.727(1), Florida Statutes (1997), requires uninsured motorist protection to be provided "with respect to any *1230 specifically insured or identified motor vehicle...." Section 627.727(2) sets the minimum limits of such insurance. In 1987, section 9(a) was added, which permits insurers a method of eliminating stacking of coverages:
[i]nsurers may offer policies of uninsured motorist coverage containing policy provisions, in language approved by the department, establishing that if the insured accepts this offer:
(a) The coverage provided as to two or more motor vehicles shall not be added together to determine the limit of insurance coverage available to an injured person for any one accident, except as provided in paragraph (c).
Section (9) states how insurers can avoid the judicial doctrine of stacking. But if under the judicial doctrine, the coverage does not stack, then section (9) has no application. The judicial doctrine requires that premiums be paid for each uninsured motorist protection stacked. The record in this case shows that the premium for the umbrella policy was not dependent on the number of vehicles owned by the insured. It was the same premium as was charged for any and all of USAA's umbrella policies in Florida.
Therefore, even if the insurance company did not comply with the provisions of section 9, under the judicial doctrine of stacking, no stacking was required as no additional premiums were paid for multiple coverages of uninsured motorist protection. Summary judgment should have been granted in favor of appellant.
REVERSED.
STONE and GUNTHER, JJ., concur.