SUAREZ, J.
Loraine Collins (“Collins”) appeals an order dismissing her Amended Class Action Complaint with prejudice. We affirm the trial court’s dismissal with prejudice on the ground that the Amended Class Action Complaint fails to state a cause of action.
The threshold question in any class action claim is whether the plaintiff has standing to bring the suit. Taran v. Blue Cross Blue Shield of Florida, Inc., 685 So.2d 1004, 1006 (Fla. 3d DCA 1997). To have standing the plaintiff must show that a case or controversy exists between that plaintiff and the defendant. Montgomery v. Dep’t of Health & Rehab. Servs., 468 So.2d 1014, 1016 (Fla. 1st DCA 1985). Therefore, the question to be answered first is whether Collins stated a cause of action against the defendant insurer. We find that she did not.
*354 Collins filed an Amended Class Action Complaint against the appellee, Government Employees Insurance Company (“GEICO”). She alleges that for a number of years she paid premiums for and received stacked uninsured motorist coverage when, for some of those years, she owned only one automobile. She alleges that stacked uninsured motorist coverage is beneficial to the insured only when the insured owns more than one vehicle and can then aggregate or “stack” the coverages for each of the vehicles. She argues that she has alleged a cause of action for money had-and-received for the twenty percent additional premium she paid each year for stacking claiming that she received no benefit for stacking when she owned only one automobile.
Motor vehicle liability insurers are required by Florida law to offer uninsured motorist coverage to each of its insureds. Uninsured motorist coverage may be stacked based on the number of uninsured motorist coverages for which the insured has paid a premium rather than just the number of automobiles owned by the insured. It is important to note that uninsured motorist coverage was created by Florida statute and insurers must strictly follow the statutory requirements.
Section 627.727(9), Florida Statutes (2005) allows insurers to offer non-stacked coverage at a twenty percent decreased premium. In order to make such an offer, the statute requires the insurer to send a notice approved by the Department of Insurance to the insured informing the insured of the limitations found in a non-stacked policy and giving the insured the option of choosing non-stacked over stacked uninsured motorist coverage. Section 627.727(9)(e) states in pertinent part:
In connection with the offer authorized by this subsection, insurers shall inform the named insured, applicant, or lessee, on a form approved by the office, of the limitations imposed under this subsection and that such coverage is an alternative to coverage without such limitations. If this form is signed by a named insured, applicant, or lessee, it shall be conclusively presumed that there was an informed, knowing acceptance of such limitations.
Collins, in her Amended Class Action Complaint, admits that GEICO, yearly, sent her this notice informing her of the option of purchasing non-stacked uninsured coverage. She also admits that, yearly, she failed to select non-stacked uninsured motorist coverage.[1] The Amended Class Action Complaint does not allege that GEICO failed in any way to comply with the requirements of 627.727(9)(e). It was Collins who failed yearly to accept non-stacked coverage thereby accepting stacked uninsured coverage even though given the required statutory notice and opportunity to do so. Section 627.727(9)(e) states that signing of the approved form creates a conclusive presumption that there was a knowing acceptance by the insured of the uninsured limitations. See Larusso v. Garner, 888 So.2d 712, 716 (Fla. 4th DCA 2004), review denied, 910 So.2d 262 (Fla.2005). Therefore, Collins is presumed to have knowingly accepted stacked coverage. Collins cannot now claim that her receiving and paying premiums for stacked uninsured motorist coverage was GEICO’s fault. It was not. For this reason alone, *355 Collins fails to state a cause of action against GEICO.
Collins contended at oral argument that she is entitled to a return of her stacked uninsured motorist premium for the years she owned only one automobile. She argues that an insured benefits from stacking only when the insured can aggregate or stack the coverage from one vehicle upon another. Therefore, she received no benefit for the additional premiums she paid. We disagree. It is true that stacked uninsured coverage enables the insured to stack the coverage for one owned automobile onto the coverage of another owned automobile. That is not the only benefit of stacked coverage. Even with one automobile, should the insured have an uninsured motorist claim, stacked coverage provides certain benefits above those received with non-stacked. Section 627.727(9)(a)-(e) delineates the limitations in uninsured motorist coverage, in addition to the limitation of not being able to stack the coverage from one vehicle onto another, when non-stacked insurance is obtained for a twenty percent decrease in premium. When the insured purchases stacked coverage, the limitations of section 627.727(9)(a)-(e) do not apply thereby giving the insured certain benefits for the twenty percent additional premium even when only one vehicle is owned. Therefore, a benefit was received by Collins for the premiums she paid for stacked coverage.
For the reasons stated above, we affirm the trial court’s order dismissing Collins’ Amended Class Action Complaint with prejudice.

. Collins does not allege that the notice failed to comply with or was not approved by the Department of Insurance, nor does she allege any wrongdoing such as fraud, trickery or forgery.