**John RANDO, Gail Rando, Plaintiffs–Appellants,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant–Appellee.**

**No. 08–13247.**

United States Court of Appeals, Eleventh Circuit.

July 15, 2010.

Bryan Scott Gowdy, Mills, Creed & Gowdy, P.A., Jacksonville, FL, for Plaintiffs–Appellants.

Angela C. Flowers, Kubicki Draper, Ocala, FL, for Defendant–Appellee.

Before HULL, WILSON and HILL, Circuit Judges.

HULL, Circuit Judge:

The facts of this case are set forth in our prior opinion, in which we certified to the Supreme Court of Florida the following question on a controlling issue of law:

WHETHER, UNDER FLORIDA LAW, AN AUTOMOBILE INSURANCE POLICY—WHICH WAS EXECUTED, ISSUED AND DELIVERED IN FLORIDA TO THE NAMED INSUREDS RESIDING IN FLORIDA FOR A CAR THAT IS REGISTERED AND GARAGED IN DELAWARE— MAY VALIDLY PROVIDE THAT UNINSURED MOTORIST COVERAGE UNDER THAT POLICY MAY NOT BE COMBINED WITH UNINSURED MOTORIST COVERAGE PROVIDED BY A SEPARATE AUTOMOBILE POLICY ALSO ISSUED BY THE INSURER TO THE NAMED INSUREDS IN FLORIDA.

*Rando v. Gov't Employees Ins. Co.*, 556 F.3d 1173, 1181 (11th Cir.2009). The Supreme Court of Florida responded in the negative, concluding "that under Florida law, the uninsured motorist anti-stacking provision contained in the Randos' motor vehicle insurance policy ... is unenforceable [because] the insurer, the Government Employees Insurance Company (GEICO), failed to satisfy the informed consent requirement of section 627.727(9), Florida Statutes (2005)." *Rando v. Gov't Employees Ins. Co.*, No. SC09–240, 39 So.3d 244, 246, 2010 WL 1372697, at *1 (Apr. 8, 2010).

In light of the Supreme Court of Florida's response, we find the district court erred when it concluded that the anti-stacking provision at issue in this case was enforceable under Florida law. Thus, we reverse the district court's grant of sum-

mary judgment to GEICO and remand for further proceedings.

REVERSED AND REMANDED.