[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13247

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00336-CV-OC-10-GRJ

JOHN RANDO,
GAIL RANDO,

Plaintiffs-Appellants,

versus

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 15, 2010)

Before HULL, WILSON and HILL, Circuit Judges.

HULL, Circuit Judge:

The facts of this case are set forth in our prior opinion, in which we certified to the Supreme Court of Florida the following question on a controlling issue of law:

> WHETHER, UNDER FLORIDA LAW, AN AUTOMOBILE INSURANCE POLICY — WHICH WAS EXECUTED, ISSUED AND DELIVERED IN FLORIDA TO THE NAMED INSUREDS RESIDING IN FLORIDA FOR A CAR THAT IS REGISTERED AND GARAGED IN DELAWARE — MAY VALIDLY PROVIDE THAT UNINSURED MOTORIST COVERAGE UNDER THAT POLICY MAY NOT BE COMBINED WITH UNINSURED MOTORIST COVERAGE PROVIDED BY A SEPARATE AUTOMOBILE POLICY ALSO ISSUED BY THE INSURER TO THE NAMED INSUREDS IN FLORIDA.

Rando v. Gov't Employees Ins. Co., 556 F.3d 1173, 1181 (11th Cir. 2009). The Supreme Court of Florida responded in the negative, concluding "that under Florida law, the uninsured motorist anti-stacking provision contained in the Randos' motor vehicle insurance policy . . . is unenforceable [because] the insurer, the Government Employees Insurance Company (GEICO), failed to satisfy the informed consent requirement of section 627.727(9), Florida Statutes (2005)." Rando v. Gov't Employees Ins. Co., No. SC09-240, — So. 3d —, 2010 WL 1372697, at *1 (Apr. 8, 2010).

In light of the Supreme Court of Florida's response, we find the district court erred when it concluded that the anti-stacking provision at issue in this case

2

was enforceable under Florida law.  Thus, we reverse the district court's grant of summary judgment to GEICO and remand for further proceedings.

**REVERSED AND REMANDED.**