JACOBUS, J.
 

 Nathan Simmons timely appeals a final summary judgment entered in favor of State Farm Florida Insurance Company. Simmons was severely injured in a car accident. At that time, he was insured under a State Farm umbrella policy issued to his father, which provided $5,000,000 of liability coverage and $1,000,000 of uninsured motorist coverage. The tortfeasor had lower coverage limits than Simmons’ father. Simmons therefore made a claim against State Farm for declaratory relief. He contended that the umbrella policy provided stacked coverage of $1,000,000 per vehicle and, because there were four vehicles covered at the time the policy was issued, State Farm owed him $4,000,000. The trial court ruled in State Farm’s favor, finding the umbrella policy did not stack and Simmons was only entitled to $1,000,000 UM coverage. We agree and affirm.
 

 The exposure section of Simmons’ father’s policy indicates that it covers four automobiles and three operators. The policy does not, however, identify the make or model of the covered cars. Likewise, the year and the VIN number of the covered cars are not listed in the policy. The policy sets forth an annual premium, which is separated into two components. The first component is for liability coverage and the second component is for UM coverage.
 

 This case is very similar to
 
 United Services Automobile Ass’n v. Roth,
 
 744 So.2d 1227 (Fla. 4th DCA 1999). There, one of the insureds on Roth’s policy was seriously injured in a car accident. A claim was made under the USAA umbrella policy for UM benefits. UM coverage under the policy was $1,000,000 and the Roths owned five cars. Roth claimed the insurance stacked and he was entitled to $4,000,000 in available coverage. The trial court agreed. On appeal, the fourth district reversed, concluding the USAA policy did not stack because an individual premium was not paid for each automobile.
 
 Id.
 
 at 1230. In reaching this decision, the
 
 Roth
 
 court emphasized the fact that USAA charged the same premium to each person regardless of the number of vehicles he owned. It further stated that stacking of coverage “is a judicial creation, based on the common sense notion that an insured should be entitled to get what is paid for.”
 
 Id.
 
 at 1229. That is, if an insured “pays separate premiums for uninsured motorist protection on separate vehicles, the insured should get the benefit of coverage for each individual premium paid.”
 
 Id.; see also Tucker v. Gov’t Emps. Ins. Co.,
 
 288 So.2d 238, 242 (Fla.1973) (“An insured under uninsured motorist coverage is entitled by the statute to the full bodily injury protection that he purchases and for which he pays premiums.”).
 

 Here, the amount of the premium depended on the number of ratable exposures listed in the policy. The ratable exposures were determined by the lesser of the number of vehicles or drivers. Simmons’ father’s policy listed four vehicles and three drivers in the exposures section. Therefore, there were three ratable exposures. The underwriting manager who testified for State Farm stated that, although a component of the premium is based on the number of vehicles owned by the insured, there is no separate premium paid for each automobile. The policy is
 
 *638
 
 sued by State Farm in this case is essentially the same as the policy issued by USAA in
 
 Roth.
 
 That is, there is a single premium paid for the coverage, one component for liability coverage and one component for UM coverage. Accordingly, the State Farm policy issued to Simmons is a non-stacking policy by law.
 

 Simmons also argues State Farm was required to obtain a rejection of UM stacking coverage pursuant to section 627.727(9), Florida Statutes (1984). There is no question that section 627.727(9) would apply to this policy if it was a stacking-type policy. Since we have ruled this is not a stacking policy, section 627.727(9) is not applicable here.
 
 See Roth,
 
 744 So.2d at 1230.
 

 AFFIRMED.
 

 EVANDER and COHEN, JJ., concur.