[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16499

_____

D.C. Docket No. 6:12-cv-00013-GAP-TBS

MARK A. MANFREDI,
ROBIN MANFREDI,
individually and as husband (and wife),

Plaintiffs-Appellants,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
a foreign for profit corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 17, 2013)

Before MARTIN and HILL, Circuit Judges, and FULLER,[*] District Judge.

_____

[*] Honorable Mark E. Fuller, United States District Judge for the Middle District of Alabama,
sitting by designation.

MARTIN, Circuit Judge:

Mark and Robin Manfredi (the Manfredis) appeal the District Court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company (State Farm). After Mr. Manfredi was severely injured while driving his Ford F-150 pickup truck, State Farm paid the Manfredis $100,000 in uninsured motorist benefits. However, the Manfredis now argue that State Farm still owes them an additional $100,000 in uninsured motorist benefits under a different insurance policy covering their Ford Expedition SUV. Because we agree with the District Court that State Farm has fulfilled all of its obligations to the Manfredis, we affirm.

I.

On September 22, 2010, Mark Manfredi was driving his Ford F-150 pickup truck on State Road 436 in Orlando, Florida when his truck collided with another vehicle. Mr. Manfredi was severely injured. The driver of the other vehicle was uninsured. As a result, the Manfredis sought compensation from State Farm, their auto insurance provider. Because the F-150 was covered by an insurance policy that provided $100,000 in "stacked" uninsured motorist coverage, State Farm paid the Manfredis the full value of this benefit.

In addition to their F-150, the Manfredis owned a Ford Expedition SUV, which also happened to be insured by State Farm. Although the Expedition was

2

not involved in the accident, the Manfredis claimed that they were entitled to an additional $100,000 in uninsured motorist coverage under the Expedition insurance policy. State Farm rejected this claim because the uninsured motorist coverage on the Ford Expedition policy was "non-stacked," and Mr. Manfredi was not injured while driving the Expedition. The Manfredis sued, and the District Court granted summary judgment in favor of State Farm. The Manfredis now appeal.

## II.

We review de novo the District Court's grant of summary judgment, applying the same legal standards as the District Court. McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1242–43 (11th Cir. 2003). Summary judgment is appropriate if the evidence establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence, and all reasonable inferences, must be viewed in the light most favorable to the non-moving party. McCormick, 333 F.3d at 1243.

## A.

Florida law currently allows automobile insurance companies to offer two types of uninsured motorist (UM) coverage: "stacked" and "non-stacked." See generally Fla. Stat. § 627.727(9); Swan v. State Farm Mut. Auto. Ins. Co., 60 So. 3d 514, 518–19 (Fla. 3d DCA 2011). In Rando v. Government Employees Insurance Co., 556 F.3d 1173 (11th Cir. 2009), this Court provided a thorough

history of the rules in Florida regarding "stacked" and "non-stacked" UM coverage, which we summarize here. Id. at 1176–80.

"Stacked" UM coverage is expansive and generally provides protection whenever the insured is injured by an uninsured motorist, regardless of the "conditions, locations, or circumstances" of the accident. Coleman v. Fla. Ins. Guar. Ass'n, 517 So. 2d 686, 689 (Fla. 1988). The Florida Supreme Court has stated that it makes no difference whether the insured is injured by an uninsured motorist while walking down the street, driving a friend's car, or riding on a bus. Id. People who have "stacked" UM benefits are covered in all of these scenarios because "stacked" UM coverage follows the insured "whenever or wherever bodily injury is inflicted upon [the insured] by the negligence of an uninsured motorist." Id. (quoting Mullis v. State Farm Mut. Auto. Ins. Co., 252 So. 2d 229, 238 (Fla. 1971) (emphasis added)).

It is this "whenever or wherever" aspect of "stacked" UM coverage which also gives rise to the practice of aggregating or "stacking" UM coverage limits when an insured has purchased multiple insurance policies. Id. An insurance company cannot deny UM benefits simply because the insured has purchased multiple insurance policies with overlapping coverage. See Sellers v. United States Fid. & Guar. Co., 185 So. 2d 689, 692 (Fla. 1966). Rather, when multiple UM coverages overlap, the insured "may stack a number of uninsured motorist

4

coverages equal to the number of coverages for which he paid a premium."

Coleman, 517 So. 2d at 690; see also Collins v. Gov't Emps. Ins. Co., 922 So. 2d

353, 355 (Fla. 3d DCA 2006) ("[S]tacked uninsured coverage enables the insured

to stack the coverage for one owned automobile onto the coverage of another

owned automobile."). If it were otherwise, an insured would gain nothing by

purchasing multiple insurance policies with "stacked" UM coverage. See United

Servs. Auto. Ass'n v. Roth, 744 So. 2d 1227, 1229 (Fla. 4th DCA 1999) ("Stacking

is a judicial creation, based on the common sense notion that an insured should be

entitled to get what is paid for.").

By contrast, "non-stacked" UM coverage applies in a narrower set of

circumstances. In exchange for a less expensive premium, "non-stacked" UM

coverage "only provides coverage for the vehicle on which the UM premium was

paid." Swan, 60 So. 3d at 518; Fla. Stat. § 627.727(9)(e) (requiring that "non-

stacked" UM coverage premiums be discounted by at least 20 percent). As a

result, the policy limits of "non-stacked" UM coverage generally do not "stack" or

aggregate because "non-stacked" UM coverage does not apply "whenever or

wherever" the insured is injured by an uninsured motorist. See Swan, 60 So. 3d at

518. Rather, "non-stacked" UM coverage only protects the insured when he or she

is injured while driving the covered vehicle. See id.; Fla. Stat 627.727(9)(b) ("If at

the time of the accident, the injured person is occupying a motor vehicle the

5

uninsured motorist coverage available to her or him is the coverage available as to that motor vehicle.").

### B.

With these principles in mind, we agree with the District Court that the Manfredis are not entitled to any additional UM benefits under their Ford Expedition policy. When purchasing their automobile insurance, the Manfredis expressly chose to have "non-stacked" UM coverage on their Expedition in exchange for a reduced premium. As a result, State Farm only had an obligation to provide UM benefits under the Expedition policy if the Manfredis were injured while driving the Expedition. See Swan, 60 So. 3d at 518 ("[U]nlike stacked coverage, non-stacked UM coverage does not provide coverage for every vehicle that the insured owns—it only provides coverage for the vehicle on which the UM premium was paid."). Because Mr. Manfredi was not injured while driving the Expedition, State Farm owes no UM benefits under that policy.

The Manfredis respond that they are entitled to "stack" the UM coverage from the Expedition policy here because they paid for "stacked" UM coverage on their F-150 policy. The problem with this argument, however, is that it misunderstands how and why "stacking" occurs. As Florida courts have explained, "stacking" occurs when an insured has purchased multiple insurance policies that independently provide overlapping UM coverage over a particular accident. See

Coleman, 517 So. 2d at 689.  Here, the Manfredis purchased only one insurance policy that applies.  The F-150 policy applied because "stacked" UM coverage applies "whenever or wherever" the insured is injured by an uninsured motorist.  See Mullis, 252 So. 2d at 238.  The Expedition policy, however, does not apply because "non-stacked" UM coverage only applies when the insured is injured while driving the covered vehicle, and Mr. Manfredi was not injured while driving his Ford Expedition.  See Swan, 60 So. 3d at 518.  Therefore, the District Court was correct to find that the Manfredis were not entitled to any UM benefits under the Ford Expedition policy, even though the F-150 policy provided "stacked" UM benefits.  See Brannan v. GEICO Indem. Co., 2013 WL 5676587, at *6 (N.D. Fla. Oct. 18, 2013) (finding that "non-stacked" UM coverage for an insured's automobiles did not "stack" despite the fact that the insured had "stacked" UM coverage for the motorcycle involved in the accident).

## III.

For these reasons, the District Court's grant of summary judgment to State Farm is **AFFIRMED.**